IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TERESA SILVER, | : |
| Plaintiff, | : |
| v. | : Civil Action No. JFM-98-3148 |
| GENERAL MOTORS CORPORATION, | : |
| Defendant. | : |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

Summary judgment was entered on behalf of defendants on July 2, 1999. Defendant filed a timely Motion for Award of Costs in the amount of $18,401.70. Plaintiff has filed an objection to the Cost Bill to which defendant has responded. The undersigned has reviewed the outstanding pleadings relating to taxation of costs and finds no hearing necessary. *See* Local Rule 105.6. (D.Md.).

## TRANSCRIPTS

Defendant seeks a total of $4,716.7 for the costs of deposition transcripts. The Court may tax the costs of transcripts under 28 U.S.C. §1920(2) where they are necessary for the case. *See Crawford v. Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437 (1987). While the court may allow a transcription expense if the making of the transcript was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the Clerk's authority, in this district, is more limited. In this district, the Clerk has traditionally allowed: (1) the costs associated with deposing the parties in the case; (2) the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) the costs of the depositions of trial witnesses.

Defendants seek the cost of depositions associated with plaintiff. Under the Clerk's authority, costs associated with plaintiff's deposition shall be allowed in the amount of $1,508.75.[1] However, the request for $641.25 associated with the transcripts of plaintiff and Dr. Ellen McDaniel shall not be taxed as Dr. McDaniel's deposition was not utilized in defendant's successful dispositive motion and there is no indication of how many pages of the requested deposition cost are attributable to plaintiff. Defendant's other deposition cost requests, shall be allowed in the amount of $1,695.85.[2]

## LEGAL RESEARCH

Legal research costs, generated by defendant's utilization of computer services such as Westlaw, are not recoverable under 28 U.S.C. § 1920. Computer research is generally treated as a lawyer's cost and not taxable as ordinary costs, though it may be allowed in cases in which a prevailing party is entitled to attorney's fees. *See Thomas v. Treasury Management Assoc., Inc.*, 158 F.R.D. 364, 372 (D.Md. 1994); *American Medical Security, Inc., et al. v. Larsen*, 1998 WL 85133 (D.Md. December 7, 1998); *see e.g. Haroco, Inc. v. American Nat. Bank and Trust Co. of Chicago,*

---

[1] Costs attributable to postage, copies of exhibits, shipping, express mailing, ascii and condensed diskettes, *etc.*, are not allowed.

[2] Unless the Court has determined in advance that a higher rate shall apply or the parties have agreed to a higher rate, the maximum amounts the Clerk will tax is:

| | |
|---|---|
| Ordinary transcript - original: | $3.50 per page |
| Expedited transcript - original: | $4.50 per page |
| Daily transcript - original: | $5.50 per page |
| Copy of transcript: | $1.25 per page |

If the actual page rate is lower than the maximum allowable rate, costs will be taxed at that rate.

38 F.3d 1429, 1440 (7th Cir. 1994); *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990); *see also Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996).

## CONSULTANTS

Defendant seeks to recover $8,912.50 for expert witness/consultant fees associated with Dr. Richard Ratner, a consultant defendant retained to defend the instant action, and Drs. Ellen McDaniel and Laura Renbaum, consultants retained by plaintiff and deposed by defendant. Although fees paid to expert witnesses for their professional services are not allowable as costs, *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987), the allowable statutory $40.00 witness fee is recoverable for each day of testimony provided by a witness who testifies at trial or for each witness deposed when their deposition has been taxed as costs in the case. Dr. Laura Renbaum's deposition has been allowed as a taxable cost, and thus, the witness fee sought for this individual shall be allowed in the amount of $40.00. Costs associated with the fees of Drs. Ratner and McDaniel are not allowed within the Clerk's traditional authority.

## COPYING COSTS

Defendant seeks reimbursement for copying costs in the amount of $2,031.47. Historically, copy work has been viewed as general office overhead and has not been allowed by the Clerk as a reimbursable cost. *See Advance Business Systems & Supply Co. v. SCM Corp.*, 287 F. Supp. at 164. Two opinions of this Court have caused the Clerk to reconsider this position. In *David Stratton v. Equitable Bank* (Civil Action No. HAR-88-1485, D.Md.), the Court found that "[p]hotocopying charges for pleadings are taxable only to the extent that the copies are used as court exhibits or are furnished to the court or opposing counsel pursuant to procedural rules." *Citing Sun Publishing Company, Inc. v. Mecklenburg News, Inc.*, 594 F. Supp. 1512, 1524 (E.D. Va. 1984). *See Purity*

*Products In. v. Tropicana Products, Inc.*, (Civil Action No. H-86-2319, D.Md). Because it is impossible for the undersigned to determine from defendant's Bill of Costs and supporting documentation whether the requested copying costs fall within the rule set forth in the cases cited above, its request for reimbursement of these expenses will be disallowed.

**TRAVEL EXPENSES**

Defendant seeks costs of $285.57 incident to travel expenses associated with taking depositions. Expenses of litigation, including travel, lodging, and parking expenses, incurred in attending depositions and making court appearances will not be taxed as costs by the Clerk. Accordingly, this cost request is disallowed.

**CONCLUSION**

In light of the foregoing, defendant is awarded costs in the amount of $3,244.60.

The Clerk is directed to docket this Order and mail copies to all counsel of record.

DATED this 19th day of September, 2000.

Felicia C. Cannon
Clerk
United States District Court